IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-02-545 |
| KEVIN DEWIGHT HONESTY, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Kevin Honesty is a 58-year-old federal prisoner who is serving a 25-year sentence for armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (Count Two) and carrying, brandishing, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three). (ECF No. 45; ECF No. 1.) Now pending is Honesty's pro se Motion to Reduce Sentence under the First Step Act (ECF No. 69), pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 85), pro se Motion to Reduce Sentence under Amendment 821 to U.S.S.G. § 4A1.1 (ECF No. 92), supplemental motion for compassionate release (ECF No. 96), and motion for objection (ECF No. 104). The parties' submissions have been reviewed, and this Court held a hearing on the motions on July 23, 2024.[1] *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth on the record and those that follow, the pro se motion for compassionate release (ECF No. 85), supplemental motion for compassionate release (ECF No. 96), and motion for objection (ECF

---

[1] Honesty waived his right to be present at the hearing by his own free and independent decision. (ECF No. 109.)

No. 104) were DENIED. The pro se motion to reduce sentence under the First Step Act (ECF No. 69) and pro se motion to reduce sentence under Amendment 821 (ECF No. 92) were GRANTED. After consideration of factors under 18 U.S.C. § 3553(a) and the appropriate sentence for his crime, this Court found that Honesty should not be immediately released, but instead, his sentence should be reduced from 300 months to 276 months. More specifically, his 216-month sentence for armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) (Count II) was reduced to 192 months, which added to the original 84-month sentence under 18 U.S.C. § 924(c) (Count III) results in a total sentence of 276 months (23 years).

## BACKGROUND

The facts of this case were previously recounted in this Court's Memorandum Order (ECF No. 84). On December 10, 2002, Honesty was charged in an eight-count Indictment with offenses relating to a series of bank robberies committed between August and November 2002. (ECF No. 1.) On October 18, 2006, Honesty pled guilty pursuant to an oral plea agreement to one count of armed bank robbery and one count of brandishing a firearm during and in relation to a crime of violence. (ECF No. 79-3 *SEALED* ¶ 2.[2]) That same day, then-Chief Judge Legg of this Court sentenced Honesty to a term of imprisonment of 18 years on the armed bank robbery count and 7 years consecutive on the firearm count. (ECF No. 45.) Honesty filed a pro se motion for compassionate release on February 8, 2021 (ECF No. 74), which this Court denied on April 6, 2022 (ECF No. 84). He had previously filed a motion to vacate under 28 U.S.C. § 2255 (ECF No. 57), which was denied (ECF No. 73), and pro se a motion to reduce sentence under the First Step Act (ECF No. 69). He filed the presently

---

[2] Judge Legg waived the preparation of a presentence investigation report. (ECF No. 79-3 *SEALED* ¶ 2.)

pending pro se Motion for Compassionate release on October 19, 2022. (ECF No. 85.) He filed a pro se motion to reduce sentence under Amendment 821 to U.S.S.G. § 4A1.1 on November 3, 2023 (ECF No. 92) and a supplemental motion for compassionate release on March 20, 2024 (ECF No. 96). Finally, he filed a motion for objection to this Court's order directing the Government to respond (ECF No. 100) on July 8, 2024. (ECF No. 104.) His current release date is December 13, 2028.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

**I.     Administrative Exhaustion Requirements**

The Government does not dispute that Honesty has exhausted his administrative remedies. (ECF No. 106 at 9. *SEALED*) *See United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) (noting that § 3582(c)(1)(A) "requires a defendant to exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release"); *but see United States v. Muhammad*, 16 F.4th 126, 131(4th 2021) (holding that the administrate exhaustion requirement is non-jurisdictional).

## II.     Extraordinary and Compelling Circumstances

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). While the district court holds broad discretion in analyzing extraordinary and compelling reasons, it must remain consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021); *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)). As the United States Court of Appeals for the Fourth Circuit noted, there had previously been "no applicable policy statements to reference;" however, that changed on November 1, 2023. *See United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Robinson*, No. ELH-18-17, 2024 U.S. Dist. LEXIS 81817 at *13 (D. Md. May 6, 2024).

Prior to the November 1, 2023, amendment, the relevant policy statement codified in U.S.S.G § 1B1.13 read: "Upon motion of the *Director of the Bureau of Prisons* under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment." U.S.S.G. § 1B1.13 (2021) (emphasis added). The Fourth Circuit interpreted this language to not include defendant-filed

motions. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) ("When a defendant exercises his . . . right to move for compassionate release on his own behalf, § 1B1.13 does not apply, and thus § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of the district courts."). Thus, district courts could "consider any extraordinary and compelling reason for release." *Id.* at 284 (citation omitted).

Congress amended this policy statement to read: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment." U.S.S.G. § 1B1.13 (2023) (emphasis added). Therefore, the current policy statement, which became effective November 1, 2023, applies to defendant-filed motions. *Robinson*, 2024 U.S. Dist. LEXIS 81817, at *14; *Davis*, 99 F.4th at 654; *Taylor*, 2023 U.S. Dist. LEXIS 222428, at *9–10. The updated language of § 1B1.13 conflicts with *McCoy's* conclusion—which was based on the pre-amendment language—that the policy statement does not apply. *Robinson*, 2024 U.S. Dist. LEXIS 81817 at *14–15. The amended version of § 1B1.13 consequently does restrict district courts to follow its policy statement. *Id.*

U.S.S.G. § 1B1.13(b)(1)–(6) identifies six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

> (1) a serious medical circumstance of the defendant;
> (2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
> (3) the death or incapacitation of an immediate family member;
> (4) the defendant being a victim of abuse while in custody;
> (5) other reasons of similar gravity as (1)–(4); and
> (6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6). Previously, the Supreme Court required that district courts consider any non-frivolous argument for sentencing reduction based upon intervening changes in the law. *United States v. Concepcion*, 142 S. Ct. 2389, 2404 (2022). However, the newly relevant § 1B1.13(c) clarifies that a change in the law does not constitute an extraordinary and compelling reason except as defined in § 1B1.13(b)(6). U.S.S.G. § 1B1.13(c); *Taylor*, 2023 U.S. Dist. LEXIS 222428, at *12. That subsection allows that "if a defendant 'received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason.'" *Davis*, 99 F.4th at 654 (quoting 88 Fed. Reg. 28254 (May 3, 2023)). But as the Fourth Circuit has noted, "this consideration only applies where such a change in law 'would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.'" *Davis*, 99 F.4th at 654 (quoting 88 Fed. Reg. 28254 (May 3, 2023)). Furthermore, rehabilitation alone may not serve as an extraordinary and compelling reason, but a court may consider rehabilitation in combination with other circumstances. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t).

As his various filings demonstrate, Honesty clearly faces serious medical circumstances. He has been recommended for knee surgery, but he contends that he cannot undertake the procedure given the circumstances of his incarceration. (ECF No. 96 at 2.) Moreover, he is no longer receiving regular steroid injections that previously helped him manage pain. (*Id.*) Additionally, his spine has bulging discs, resulting in sciatica, which is exacerbated by the

conditions of his imprisonment. (ECF No. 90 at 7.) Surgery has been recommended for this as well. (*Id.* at 8.)

More important than his medical circumstances, however, is the length of Honesty's sentence. He has served 22 years of his 25-year sentence. (ECF No. 110 at 5.) Due to changes in the intervening period between Honesty's plea agreement and sentencing and the present day, convictions under 18 U.S.C. § 924(c) can no longer be stacked in a single trial on multiple counts in the same indictment. Although the First Step Act's prohibition on stacking § 924(c) convictions is not retroactive and inapplicable in this case because Honesty pled guilty to only one count under § 924(c), the landscape surrounding § 924(c) looks significantly different now than it did at the time Honesty pled guilty and was sentenced. In essence, Honesty's plea bargaining calculus might look fundamentally different today than it did when he faced a possible stacked sentence for multiple violations of § 924(c). (*See* ECF No. 90 at 4 ("Today Mr. Honesty would not be facing a mandatory sentence of 57 years for Counts Three, Five, and Seven of his indictment as he was at the time of his plea agreement, guilty plea, and sentencing.")) As the Fourth Circuit has noted, "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Davis*, 99 F.4th at 654 (quoting 88 Fed. Reg. 28254 (May 3, 2023)). The developments regarding § 924(c) and Honesty's 22 years of service, advancing age, and deteriorating health demonstrate extraordinary and compelling reasons for sentence reduction.

### III.  18 U.S.C. § 3553(a) Factors

As with any other compassionate release motion, a court must conduct an "individualized assessment" under 18 U.S.C. § 3553(a) to determine a defendant's eligibility for a reduction. *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020); *see also Dillon v. United States*, 560 U.S. 817, 822 (2010) ("Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"). These factors require this Court to consider: (1) Honesty's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *accord United States v. Bryant*, Crim. No. 95-202-CCB-3, 2020 WL 2085471, at *4–*5 (D. Md. Apr. 30, 2020) (weighing relevant factors to find that the defendant's sentence should be reduced to time served).

Honesty's evidence of post-sentencing rehabilitation weighs in favor of sentence reduction. *See Pepper v. United States*, 562 U.S. 476, 491 (2011) (holding that "evidence of postsentencing rehabilitation may be plainly relevant to 'the history and characteristics of the defendant'" and "'the need for the sentence imposed'" (quoting 18 U.S.C. § 3553(a))). Honesty has taken and completed several self-help courses including drug abuse kickstart, plumbing, basic economic principals, small business I and II, anger management, intramural code of conduct, HIV/AIDS Awareness, ACE Moneysmart, victim impact, becoming an informed

8

citizen, and commercial driver license. (ECF No. 85 at 7.) Although Honesty received three incident reports for possession of a dangerous weapon and an incident report for possession of drugs/alcohol, he was punished accordingly for those offenses. (*Id.*) The Bureau of Prisons has also now rated Honesty's security risk level as low. (ECF No. 91.) He has received letters of support from a variety of people, including the coordinator of the palliative care program at FCI Butner. (ECF No. 90-1 at 1.) That letter emphasizes that Honesty has been "consistently praised by enrolled patients and medical staff for his commitment to the patients and his willingness to serve wherever and whenever needed." (*Id.*) The coordinator of the inmate companion program at FCI Butner said that Honesty's "quality of work is outstanding" and that "[h]e drives himself exceptionally hard and goes above and beyond in his assigned duties." (*Id.* at 2.) He also received letters of support from nearly 20 friends and family members, many of which speak to his acknowledgment of wrongdoing, remorse for his actions, and commitment to improvement. The Government conceded at the July 23, 2024 hearing that Honesty no longer poses a serious threat to the community, provided that he maintains gainful employment as demonstrated in the filings.

Finally, this Court found that the length of Honesty's sentence is unnecessary to serve the interests of deterrence and public safety, and disproportionate to similarly situated offenders. Although Honesty's 25-year sentence resulted from his guilty plea, as noted above the landscape surrounding 18 U.S.C. § 924(c) has changed significantly since his guilty plea and sentencing. Moreover, Honesty has made good use of the resources available to him while incarcerated, and he has served more than 85% of his sentence. Given the serious nature of Honesty's offenses and his recidivist past, this Court cannot find that Honesty has met the

requirements for immediate release. However, considering his age, efforts toward rehabilitation, and good behavior, this Court found that the 300-month sentence imposed in 2006 is "greater than necessary" to achieve with the purposes of incarceration. 18 U.S.C. § 3553(a).

Accordingly, after consideration of the § 3553(a) factors, this Court found that a reduction in Honesty's sentence to 276 months was appropriate. More specifically, his 216-month sentence for armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) (Count II) was reduced to 192 months, which are added to the original 84-month sentence under 18 U.S.C. § 924(c) (Count III). Therefore, the pro se motion for compassionate release (ECF No. 85), supplemental motion for compassionate release (ECF No. 96), and motion for objection (ECF No. 104) were DENIED. The pro se motion to reduce sentence under the First Step Act (ECF No. 69) and pro se motion to reduce sentence under Amendment 821 (ECF No. 92) were GRANTED.

## CONCLUSION

For the reasons stated above and those set forth on the record, it was ORDERED this 23rd day of July, 2024, that:

1. Defendant's Motion for Compassionate Release (ECF No. 85) was DENIED;
2. Defendant's Supplemental Motion for Compassionate Release (ECF No. 96) was DENIED;
3. Defendant's Motion for Objection (ECF No. 104) was DENIED;
4. Defendant's Motion to Reduce Sentence under the First Step Act (ECF No. 69) was GRANTED;

5. Defendant's Motion to Reduce Sentence under Amendment 821 (ECF No. 92) was GRANTED;

6. Defendant's 216-month sentence for armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) (Count II) was reduced to 192 months;

7. Defendant's 84-month sentence under 18 U.S.C. § 924(c) (Count III) remains unchanged;

8. Defendant's total sentence was reduced from 300 months to 276 months;

9. All other terms and conditions remain in effect;

10. An Amended Judgment and Commitment Order shall be prepared to reflect Defendant's reduction in sentence; and

11. The Clerk of the Court shall send copies of this Memorandum Order to the parties.

                                                                   /s/
                                       Richard D. Bennett
                                       United States Senior District Judge